IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARC L. STENGEL      *

 Plaintiff      *

  v      *    Civil Action No. DKC-18-3390

GOVERNOR LARRY HOGAN,   *
JUDGE JUDITH C. ENSOR,
PRESIDENT DONALD TRUMP,   *
AMERICAN PSYCHOLOGICAL ASSOC.
 AND ITS EMPLOYEES-STAFF-ASSOC., *
SUSAN SILESKY,
BARRACK OBAMA,     *
BOYS LATIN SCHOOL OF MARYLAND,
JAMES W. HOLDERNESS, et al.[1]   *

 Defendants     *
***

## MEMORANDUM OPINION

A self-represented complaint was filed, together with the full filing fee, on November 2, 2018, which commenced the above captioned action. Plaintiff Marc L. Stengel asserts that he is "providing CRIMES to YOU, the Federal Court System of the United States." ECF No. 1 at p. 2. Because the complaint fails to state a cognizable claim, it must be dismissed.

"Frivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same). In addition, "dismissal prior to service of process is permissible when a court lacks subject matter jurisdiction over a patently frivolous complaint."

---

[1] In addition to the Defendants included in the caption, Plaintiff names well over 100 Defendants listed in attachments to the complaint. *See* ECF No. 1-1 at pp. 11-19.

*Smith*, 616 F.App'x at 90; *Chong Su Yi*, 554 F.App'x at 248 (same); *Ross*, 493 F.App'x at 406 (same).

The instant complaint asserts several incongruous claims, including: the rules of this court are psychotic; the American Psychological Association is a scam and fraud operation; "Dr. Philbert" uses millions of viewer drones, has no idea what he is doing, and is "clueless;" this court's job is to "provide a way to complain [b]ut your psychotic system does not allow it;" and the print on this court's forms is too small to read. ECF No. 1 at pp. 2-4. Plaintiff makes other statements that do not seem to make any sense, such as:

> Quick [FUQ]: Why do they need you confusing the issues for 10 years? No? Ok . . . I would like to see your 'Measurable Results'? Yea . . . You will notice Psychosis removed that feature. Quantify is a Bad Word. You also have a Painting Daughter in Law. Your younger son looks real. How much lack of Confidence is there is (sic) your circle? Let's get those you promote as well. Measurable Results. No more BIRD-SEED. Measurable Results Only. That request will demand Bird-Seed.
>
> Welcome to the Psychological BULLSHIT, On The Fly Bird-Seed Factories. Say SHOW ME, and they will point to another Factory. Ask for any Reality, then step back . . . Bird-Seed is coming!!!! Squawk.

ECF No. 1 at p. 3 (ellipses and capitalization in original). Plaintiff also admonishes this court to "review ALL materials" and states he has submitted "over 10,000 pages and 15 DVD's" with his complaint. (*See* Filed Separately folder.)

The remainder of the complaint offers no further illumination as to why this complaint has been filed with this court or why the Defendants named are being sued; however, Plaintiff provides a copy of a stet agreement from the "District Court for Baltimore County", which remains unsigned. ECF No. 1-1 at pp. 1-5. The agreement concerned stalking charges against Plaintiff and requires Plaintiff to refrain from contacting a list of 111 different people and places of business

and to continue treatment with his psychiatrist. *Id*. Plaintiff notes he did not sign the agreement. *Id*. at p. 4.

Plaintiff also filed another complaint in this court on November 5, 2018, seeking an emergency stay of the election based on his view that the "election is based and baked in FRAUD upon the Courts, Public and VOTERS." *Stengel v. Hogan, et al.*, Civil Action CCB-18-3423 (D. Md. 2018) at ECF No. 1, p. 1. Plaintiff moved for leave to proceed *in forma pauperis* in that action, which was granted. The complaint was dismissed as frivolous on November 16, 2018, this court noting that "[t]his court is not an appropriate forum to attempt to redress grievances that do not state a federal cause of action" and denying the "emergency motion." *Id*. at ECF No. 4 at p. 3.

Factually frivolous claims involve "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or are wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992) (internal citations and quotation marks omitted). To determine if a claim is frivolous, this court may "apply common sense." *Nasim v. Warden, Md. House of Correction,* 64 F.3d 951, 954 (4th Cir. 1995) (en banc). Relevant here, "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973), *see also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), cert denied, 133 S.Ct. 1263, 185 L.Ed.2d 183 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).

A plaintiff fails to state a claim upon which relief may be granted when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly,* 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court may also anticipate affirmative defenses that clearly appear on the face of the complaint. *Todd v. Baskerville,* 712 F.2d 70 (4th Cir.1983); *Nasim,* 64 F.3d at 954.

Nothing contained in Plaintiff's complaint or the materials accompanying it would lead any reasonable person to believe that a viable federal cause of action has accrued on his behalf. Rather, the pleading is simply a treatise regarding Plaintiff's apparent dissatisfaction with various organizations, judges, the outcome of his child custody case, and his treatment by a psychiatrist. While the court may sympathize with some of Plaintiff's frustration, this court is not an appropriate forum simply to air grievances that do not state a federal cause of action. As such, requiring the named Defendants to respond to the matters asserted is not an appropriate use of public resources such as the federal judiciary.

By separate Order which follows, the complaint will be dismissed.

November 27, 2018                       /s/
                                                   DEBORAH K. CHASANOW
                                                   United States District Judge